Laisauve, J.
This ease is on a rehearing.
The plaintiff and appellee obtained a judgment against the defendant, on the 18th November, 1862, for 82,800, with interest and costs. Several writs of fieri facias issued, and the judgment was partly satislied, leaving, however, a balance duo of upwards of 81,500.
On 7th Juno, 1864,' plaintiff issued another execution, and filed a supplemental petition with usual interrogatories, and levied a seizure in the hands oí L. Bernard, who was made garnishee.
L. Bernard, the garnishee, in answer to the interrogatory -whether ho had in his hands money, rights or credits belonging to the defendant Sherman, said:
“No; except such rights as may result in favor of J. A. Sherman, from a certain agreement in writing, made between W. N. Rogers and J. A. Sherman, a correct copy of which is now hereto annexed, and made part of these answers. In compliance with that agreement, Mr. W. N. Rogers deposited with me 82,000 in currency,
Mr. J. A. Sherman deposited with me eight half Spanish doubloons, representing......................................... 8100
Sixty-live dollars, Spanish gold coin.......... 000
In notes currency.............................................. 500
81,200
W. N. Rogers intervened,, and alleged'that neither ,T. A. Sherman nor Valentino St. Céran had any right or interest in 'the moneys described in the garnishee’s.answers, but that the same belonged to the intervener and claimant. That on the lltli June, 1861, he made a match race, with J. A. Sherman, and subsequently-reduced to’writing, a correct copy of which is annexed to the garnishee’s answers; that ho fully complied with all the stipulations and conditions of the bet, and that on the 15th June, 1861, the horse Reubo-Rynders, named by him, won the money without any opposition.
He -prayed, that the rule of Valentine St. Céran be dismissed, that judgment be rendered in his favor, and against L. Bernard for the money so deposited by-J. A." Sherman.
To-this inorvention the plaintiff answered that on the 7th June, 1861, date of .the seizure in the hands of Bernard, there existed no relation of debtor and creditor beweou Rogers and ¡-Sherman; that if there was *193 auy agreement between them prior to said seizure, to run a horse raeo, the same was canceled by said seizure; that the wage]1 sot up by Rogers was illegal as well as excessive and ruinous in amount, and reprobated by law; that ¡áhormau was at the date: of the bet in insolvent circumstances, and had denied property on the execution against him, and was debarred in law and good morals from disposing of his property in that mauuor.
The Court below, after hearing the evidence, gave judgment for plaintiff, and the intervenor took this appeal.
The bet was §5,000 by W. N. Rogers, against §3,000 by J. A. Sherman. The §1,200 deposited by Sherman, and the §2,000 on Rogers’ part, were put up as a forfeit—the race to be run on the Pair Grounds course; the money was deposited in L. Bernard’s hands. The §1,200 deposited as a forfeit by Sherman was seized, and L. Bernard garnisheed before the day appointed for the race. On that day Rogers’ horse run; Sherman produced no horse; the judges declared that Roube Ryndors, Rogers’ horse, won the race. Rogers had put up the §5,000, according to agreement.
This case involves but one question of fact, which must be tested by the means and circumstances of Sherman, under Article 2952 of the Civil Code, which permits horse racing, but allows the judge to reject the demand when the sum appears to him excessive. Now, was the amouut excessive for Sherman V
The following admissions were made below by the parties:
“ That this is a suit originally instituted on two notes, on the 6th October, 1862; that after issue joined, judgment was rendered on the 18th November, 1862, and signed November 22d, 1862; that several writs of fieri, -facias have issued against defendant, and been returned not fully satisfied after due and legal demand; that there now remains more than §1,500 due on said judgment.”
The testimony clearly satisfies us that Sherman, at the time of this bet, was insolvent; that his horses had been seized and sold, and it was not known what he was doing for his living; two or three years before the trial below, he was keeping a truss store, and one witness thinks that store was sold out by the sheriff.
The term, “excessive,” is used by the code in a rehlive and comparative sense; for instance: §3,000 would be very little for a wealthy man, but it was an excessive and largo amount for Sherman, who could not pay his debts, having judgments and executions hanging over his head without apparent means wherewith to pay them.
Taking all the circumstances into consideration, we are of opinion that the judgment rendered below is in compliance with the laws and the facts of the case.
It is therefore ordered and decreed, that our former decision bo set aside, and that the judgment appealed from be affirmed, with costs.